Ms. Lucinda McDaniel, Legal Counsel Arkansas State University c/o 301 West Washington, P.O. Box 3077 Jonesboro, Arkansas 72403
Dear Ms. McDaniel:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether Arkansas State University is correct in its decision to release "all documentation in the departmental level and university level grievance hearings" regarding the termination of Dr. Robert Meyer, in response to a "Freedom of Information Act" or "FOIA" request for those documents. See A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Supp. 1993). Specifically, you indicate that Dr. Meyer was terminated as a professor at Arkansas State University and "grieved" his termination to both the departmental and University level grievance committees. The termination was affirmed and Dr. Meyer has now sued the University.
The University believes that the records in question constitute "employee evaluation or job performance records" which are subject to disclosure under A.C.A. § 25-19-105 because there has been a final administrative resolution of the termination proceedings and the Attorney General's Office "has previously opined that the public has a compelling interest in the disclosure of the records of state employees." The University has informed Mr. Meyer's attorney of the University's decision with regard to the release of the records, and Mr. Meyer's attorney objects to the release as constituting a "clearly unwarranted invasion of personal privacy."
It should be noted as an initial matter that this office has not been provided the records in question. I cannot, therefore, make a conclusive determination with regard to their character or releasability. I can, however, set out the relevant law and provide some guidance as to whether the custodian's decision is in conformity with the FOIA.
It appears that the records, depending upon their exact character, may indeed be "employee evaluation or job performance records," which this office has defined generally as records which relate to an employee's performance or lack of performance on the job. See Op. Att'y Gen. 92-324. I assume that because the subject of the hearings was Dr. Meyer's termination, at least some of the records will relate to his performance or lack of performance on the job. As discussed recently in Op. Att'y Gen.94-306 (copy enclosed) the following factors must be present for "employee evaluation or job performance records" to be subject to public disclosure: 1) the employee must have been suspended or terminated, 2) final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee must have been completed, and 3) there must be a "compelling public interest" in their disclosure. You have indicated that the employee has been terminated — I assume the records in question formed a basis for the termination — and you have indicated that all administrative appeals have been exhausted. You have also stated that this office has previously opined that there is a "compelling public interest" in the disclosure of the records of state employees. This is not true in all instances. Whether a "compelling public interest" exists in a given case will depend upon all the attendant facts and circumstances. As stated in Watkins, TheArkansas Freedom of Information Act (mm Press 2d ed. 1994) at 135, "[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." You have not indicated the circumstances which gave rise to Dr. Meyer's termination. I am therefore without any information to determine whether a compelling public interest exists in this instance. If there is a compelling public interest, and if indeed the records are "employee evaluation or job performance records," it is my opinion that the University's decision is consistent with law.[1]
It should be noted at this juncture that if the records are indeed "employee evaluation or job performance records," the question of whether a "clearly unwarranted invasion of personal privacy" exists is irrelevant. As stated recently in Op. Att'y Gen. 94-306, "[t]he `clearly unwarranted invasion of personal privacy' test, set forth in § 25-19-105(b)(10), will not be applicable if the record being requested is an employee evaluation or job performance record." Id. at 3. That exemption only applies to "personnel records," which are distinct under the act from "employee evaluation or job performance records." Seeagain, Opinion No. 94-306. I have not been provided sufficient information to determine whether any of the records are "personnel records" as opposed to "employee evaluation or job performance records." The test for determining whether a clearly unwarranted invasion of personal privacy exists is set out in Op. Att'y Gen. 94-235, a copy of which I have enclosed for your review.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosures
[1] This conclusion assumes that there has been no protective order entered in the litigation filed by Dr. Meyer, and that none of the records involve a transcript or recording of any properly held executive session on the matter.